United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41718
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTORIANO CRUZ-CASTAN,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-527-ALL
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Victoriano Cruz-Castan ("Cruz") appeals the sentence imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326.[**] He argues, for the first time on appeal, that the district court erred in sentencing him under a mandatory sentencing guidelines scheme, citing United States v. Booker, 125 S. Ct. 738, 756 (2005). He acknowledges that the argument is reviewed for plain error but contends that plain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**] Cruz does not appeal the revocation of his supervised release or the sentence imposed following revocation based on this offense.

error should not apply because any objection would have been futile pre-Booker; alternatively, he asserts that he does not have to demonstrate any effect on his substantial rights because the error is structural and because prejudice should be presumed.

Plain error is the correct standard of review. See United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). The district court committed error that is plain when it sentenced Cruz under a mandatory sentencing guidelines regime. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556); United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir. 2005). Cruz, however, fails to meet his burden of showing that the district court's error affected his substantial rights. See Valenzeuela-Quevedo, 407 F.3d at 733-34; United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); see also United States v. Bringier, 405 F.3d 310, 317 n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535). His argument that Mares and Bringier were wrongly decided is unavailing. See United States v. Ruff, 984 F.2d 635, 640 (5th Cir. 1993).

As he concedes, Cruz's argument that the sentencing provisions in 8 U.S.C. § 1326(a) and (b) are unconstitutional is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224

(1998).  See <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 489-90 (2000);

<u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).

The district court's judgment is AFFIRMED.